PHILLIP A. TALBERT
Acting United States Attorney
KAREN A. ESCOBAR
JEFFREY A. SPIVAK
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:14-cr-00247-LJO |
| | ) | |
| Plaintiff, | ) | UNITED STATES' REQUEST UNDER |
| | ) | FED. R. CRIM. P. 32.2(c)(1)(B) FOR AN |
| v. | ) | ORDER AUTHORIZING DISCOVERY IN |
| | ) | THE ANCILLARY PROCEEDING |
| KEVIN NOUTHAI YANG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## I.    INTRODUCTION

Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), the United States requests the Court to allow it to conduct discovery to explore the basis for the claims filed by petitioners Bryan Johnsgard and Evelyn Johnsgard (the "Johnsgards") and Kong Her ("Her," and together with the Johnsgards, collectively, the "Petitioners") regarding their entitlement to property ordered forfeited from defendant Kevin Nouthai Yang.  Petitioners allege an interest in the real property located at 1081 Westridge Road in Hayfork, California 96041, Trinity County APN: 019-660-08 (the "Subject Property"), that defendant Kevin Nouthai Yang agreed to forfeit as part of his Plea Agreement.

The Johnsgards claim to be lienholders on the Subject Property.  Her claims to be the owner of the Subject Property. Petitioners claim that the preliminary order of forfeiture should be amended to reflect their interests in the Subject Property.

## II.   PRIOR PROCEEDINGS

1.      Between on or about February 27, 2014, and November 5, 2014, in Trinity, Tehama, and Fresno Counties, within the State and Eastern District of California, defendant, Kevin Yang, knowingly and intentionally conspired and agreed with others to manufacture, to distribute, and to possess with the intent to distribute 50 or more marijuana plants, a Schedule I controlled substance.  Defendant Kevin Yang was the owner of the Subject Property.

2.      Agents executed a federal search warrant at the Subject Property following aerial surveillance that disclosed hundreds of robust marijuana plants growing there. Defendant Yang was present at the Subject Property at the time of the execution of the warrant.  Agents located 324 pounds of processed marijuana, 200 growing marijuana plants, and a firearm.

3.      In a post-Miranda interview, Defendant Yang stated that the firearm and the property belong to him and that he had put $40,000.00 down for the purchase of the property and financed the remaining balance of $80,000.00 at 10%.  Defendant, Kevin Yang, admitted that he was growing marijuana at the Subject Property.

4.      According to property records, Defendant Yang and his wife purchased the Subject Property in May 2014 for $120,000.  The Johnsgards, the sellers of the Subject Property, appear to have recorded a Deed of Trust securing an $80,000 note signed by Defendant Yang and his wife.

5.      In November 2014, Kevin Yang was indicted in the present case for conspiracy to manufacture marijuana and manufacturing marijuana.  (ECF No. 12.)

6.      Property records indicate that, after Defendant Yang's indictment, Yang transferred the Subject Property on July 2, 2015 to Her.

7.      On January 23, 2016, Kevin Yang entered a guilty plea to the lesser included offense of count one of the Indictment which charged him with conspiring to manufacture, distribute, and to possess with the intent to distribute 50 or more marijuana plants, in violation 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.  As part of his

guilty plea, Kevin Yang agreed to the forfeiture of the Subject Property. (ECF No. 32.)

8.     On or about February 26, 2016, the United States of America obtained a Preliminary Order of Forfeiture as to the following assets (ECF No. 36 ):

a.  Harrington and Richardson 12 gauge shotgun bearing serial number ND239379; and

b.  Real Property located at 1081 Westridge Road, Hayfork, Trinity County, California including the single-dwelling Manufactured or mobile home located on the real property, APN: 019-660-08-000.

9.     Following the Court's entry of a preliminary order of forfeiture on February 26, 2016 (ECF No. 36), the United States provided notice to potential claimants, pursuant to 21 U.S.C. § 853(n), 18 U.S.C. § 1963(1) and Local Rule 171.   The deadline to file a petition was extended at Petitioners' request to April 18, 2016.

10.    On April 11, 2016, Petitioners Evelyn and Bryan Johnsgard filed an ancillary petition contesting forfeiture of the Subject Property. (ECF No. 39.)  They claim a $44,000 interest in the Subject Property, based on what they indicate is the current amount owed on their Note.

11.    On May 6, 2016, Petitioner Kong Her filed an ancillary petition contesting the forfeiture of the Subject Property. (ECF No. 45)  In his Petition, Kong Her claims that he, not Defendant Yang, is the owner of the Subject Property and that the Preliminary Order of Forfeiture should be revised to account for his interest in the Subject Property.

12.    On May 2, 2016, defendant Kevin Yang was sentenced, and the preliminary order of forfeiture was made final as to him.  (ECF Nos. 43,44).

### III.    FUTURE PROCEEDINGS

13.    The United States seek to conduct discovery, pursuant to Rule 32.2(c)(1)(B), to obtain further information about Petitioners' interests in the Subject Property.

14.    Rule 32.2(c)(1)(B) of the Federal Rules of Criminal Procedure provides that the Court may, before conducting a hearing on the petition, "permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues."  The United States

believes that discovery is necessary and desirable so that Petitioners' claims of innocent ownership and bona fide purchaser interests can be evaluated.  In order to resolve each petitioner's claim, the United States seeks to obtain written discovery regarding the real estate transactions at issue in this case.  The United States also intends to depose the Petitioners about the real estate transactions at issue in this case, as well as their relationship with Defendant Yang.

15.     To obtain the above information, the parties seek discovery in the manner authorized by the Federal Rules of Civil Procedure, including, but not limited to, depositions, subpoenas, interrogatories and document demands.  The United States requests and proposes the following discovery, motion and hearing schedule:

| Event | Timing |
|---|---|
| Discovery Cutoff | September 16, 2016 |
| Last Day to File Dispositive Motions | September 30, 2016 |
| Ancillary Hearing | Week of October 24, 2016 |

///
///
///
///
///
///
///
///
///
///
///
///

4

## IV.   CONCLUSION

For the foregoing reasons, the United States requests the Court: (1) enter an order authorizing the parties to conduct discovery pursuant to Fed. R. Crim. P. 32.2(c)(1)(B); and (2) to adopt the above litigation schedule or set a discovery schedule that the Court deems appropriate.


Dated:  May 11, 2016                          PHILLIP A. TALBERT
                                              Acting United States Attorney

                                        By:  /s/ Jeffrey A. Spivak
                                              JEFFREY A. SPIVAK
                                              Assistant U.S. Attorney


## **ORDER**

IT IS SO ORDERED.

Dated:  __**May 12, 2016**__          _____/s/ Lawrence J. O'Neill_____
                                      UNITED STATES CHIEF DISTRICT JUDGE